UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

DONOVAN E. LEWIS,

Plaintiff,

v.

HIDAY & RICKE, P. A. AND
DODGE ENTERPRISES, INC.,

Defendants.

_________________________________________/

**COMPLAINT**
**JURY DEMAND**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

2. Defendants have besieged Plaintiff with a succession of four garnishments against his bank accounts and wages for a purported 16 year-old agreed judgment, to which Plaintiff never agreed, arising from a state court complaint that was never served on Plaintiff, in an action in which he did not appear, when one of the writs of garnishment was void as a matter of law, when, with respect to two other of the writs, Defendants failed to notify Plaintiff of his right to contest the writs, all while seeking to collect an alleged debt which Defendant, Dodge Enterprises, Inc., obtained when it was not registered as a debt collector rendering its ownership of the alleged debt void as a criminal act, all done in an effort to wrongfully obtain money from Plaintiff, harass and abuse him.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendants filed a state court suit against Plaintiff in this District.

## PARTIES

4. Plaintiff, DONOVAN E. LEWIS, is a natural person and citizen of the State of Florida residing in Broward County, Florida.

5. Defendant, HIDAY & RICKE, P. A., ("Hiday") is a professional association formed under the laws of the State of Florida with its principal place of business at Suite 3, 4100 Southpoint Drive East, Jacksonville, Florida 32216.

6. Hiday is registered with the Florida Secretary of State as a professional association. The Secretary's records show Defendant's registered agent as Robert D. Hiday, Suite 3, 4100 Southpoint Drive East, Jacksonville, Florida 32216.

7. Hiday regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Hiday regularly collects or attempts to collect debts for other parties.

9. Hiday is a “debt collector” as defined in the FDCPA.

10. Defendant, DODGE ENTERPRISES, INC., ("Dodge") is a corporation formed under the laws of the State of Florida with its principal place of business at Suite 2, 4100 Southpoint Drive East, Jacksonville, Florida 32216.

11. Dodge is registered with the Florida Secretary of State as a corporation. The Secretary's records show Defendant's registered agent as Hiday & Ricke, P. A., Suite 3, 4100 Southpoint Drive East, Jacksonville, Florida 32216.

12. Dodge is *currently* registered with the Florida Office of Financial Regulation as a consumer collection agency.

13. Dodge purchases portfolios of defaulted consumer debt.

14. Dodge regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

15. Dodge is a “debt collector” as defined in the FDCPA.

16. Defendants act in concert in seeking to collect alleged debts, share office space, officers, directors, and employees.

## FACTUAL ALLEGATIONS

17. On or about November 13, 2000, Dodge's predecessor, First Union Bank, filed suit in state court in Broward County, Florida against Plaintiff seeking to collect an alleged debt.

18. Plaintiff was not served with the summons or complaint, and did not appear in the state case, nor was any hearing held on the amount of damages. Nevertheless, the state court entered an agreed judgment against Plaintiff on February 21, 2001, a copy of which is attached as Exhibit "A".

19. Plaintiff never agreed to any judgment.

20. Plaintiff's only dealings with First Union Bank in the late 1990's was the financing of an automobile, which he used for personal purposes, and, thus he believes the state court suit arises from that transaction.

21. While the automobile was insured, it was stolen from Plaintiff and he heard nothing further about it or First Union Bank.

22. On January 14, 2008, Dodge filed a notice of assignment of the judgment from First Union Bank to Dodge.

23. The records of the Florida Office of Financial Regulation show that Dodge first registered as a consumer collection agency on May 8, 2008.

24. At the time of the assignment Dodge was ***not*** registered with the Florida Office of Financial Regulation as a consumer collection agency.

25. The Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA") requires debt collectors to first register with the Florida Office of Financial Regulation prior to attempting to collect debts from Florida residents.

26. Attempting to collect a consumer debt from a Florida resident without a valid debt collector registration is a crime.

27. Dodge's transfer of the ownership of the judgment is void as a criminal act.

28. The state court docket shows that Dodge made efforts to collect the debt prior to its registration as a debt collector: On March 14, 2008 it served a

notice to produce and on April 28, 2008 it filed a notice that a subpoena has been returned.

**THE FIRST GARNISHMENT**

29. On December 2, 2013, Defendants filed a motion for a continuing writ of garnishment against Plaintiff's wages and obtained a writ of garnishment against Plaintiff's wages from his employer, at that time, Oasis Outsourcing, Inc. (the "first garnishment").

30. Defendants subsequently obtained money from Plaintiff's wages from Plaintiff's employer, Oasis Outsourcing, Inc.

**THE SECOND GARNISHMENT**

31. On June 5, 2015, Defendants filed a motion for a writ of garnishment and obtained a writ of garnishment against Plaintiff's bank account at J P Morgan Chase Bank, N. A. (the "second garnishment").

32. Under Florida law the writ of garnishment expired six months from the date of issuance. Florida law allows the writ of garnishment to be extended for an additional six months provided notice is served on Plaintiff.

33. Defendants failed to serve the notice of extension on Plaintiff and thus the writ of garnishment expired and was rendered dissolved and of no effect.

34. Even though the writ of garnishment was expired, of no effect and void, Defendants served it on Plaintiff's bank, J P Morgan Chase Bank, N. A. on March 18, 2016, and garnished Plaintiff's funds.

35. Plaintiff retained counsel in the state court case, Joel D. Lucoff, and opposed the writ of garnishment, asserting the garnished funds were protected by the personal property exemption afforded under the Florida Constitution.

36. As a result of his exercise of his right to his personal property exemption, Plaintiff has been harmed in that the amount of the exemption available for future use is diminished.

**THE THIRD GARNISHMENT**

37. On January 31, 2017, Defendants filed a motion for a writ of garnishment and obtained a writ of garnishment against Plaintiff's bank account at Wells Fargo Bank, N. A. (the "third garnishment").

38. Defendants subsequently served the writ of garnishment on Plaintiff's bank, Wells Fargo Bank, N. A.

39. Because the writ of garnishment was served on Wells Fargo Bank, N. A., Defendants were obligated by Florida law to inform Plaintiff of the service of the writ and, importantly, his right to contest the validity of the writ and his rights to claim exemption from the writ.

40. Since Plaintiff is represented by counsel, Joel D. Lucoff, in the state court case, the aforementioned notices are required to be served upon Mr. Lucoff.

41. Defendants failed to serve the notice on Mr. Lucoff as they sent it via email only to an email address which is not Mr. Lucoff's address of record.

42. As a result of this third garnishment, the entire amount of Plaintiff's funds in this world have been frozen, rendering him unable to pay his rent, his car payment and leaving him destitute.

**THE FOURTH GARNISHMENT**

43. On February 2, 2017, Defendants filed a motion for a continuing writ of garnishment against Plaintiff's wages and obtained a writ of garnishment against Plaintiff's wages from his employer, ABM Aviation. (the "fourth garnishment").

44. Defendants subsequently served the writ of garnishment on Plaintiff's employer, ABM Aviation.

45. Because the writ of garnishment was served on ABM Aviation, Defendants were obligated by Florida law to inform Plaintiff of the service of the writ and, importantly, his right to contest the validity of the writ and his rights to claim exemption from the writ.

46. Since Plaintiff is represented by counsel, Joel D. Lucoff, in the state court case, the aforementioned notices are required to be served upon Mr. Lucoff.

47. Defendants failed to serve the notice on Mr. Lucoff as they sent it via email only to an email address which is not Mr. Lucoff's address of record.

48. Defendant's have falsely represented to both Plaintiff and the state court that its ownership of the alleged judgment is valid, when it is not, and have harassed and abused Plaintiff by improperly garnishing on his bank account and wages and failed to give him required notices about the garnishments.

**COUNT I**
**FALSE, DECEPTIVE, OR MISLEADING REPRESENTATION REGARDING THE SECOND GARNISHMENT**

49. Plaintiff incorporates Paragraphs 1 through 48.

50. Defendants falsely represented that the second writ of garnishment was authorized, issued, or approved by a court in violation of 15 U.S.C. §1692e generally and 15 U.S.C. §1692e(9) in particular.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a. Damages;

b. Attorney’s fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

**COUNT II**
**THREATENING TO TAKE ACTION THAT CANNOT LEGALLY BE TAKEN REGARDING THE SECOND GARNISHMENT**

51. Plaintiff incorporates Paragraphs 1 through 48.

52. Regarding the second writ of garnishment, Defendants threatened to garnish, and subsequently did garnish, Plaintiff's bank account through the use of a writ of garnishment that does not legally permit such garnishment in violation of 15 U.S.C. §1692e generally and 15 U.S.C. §1692e(5) in particular.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a. Damages;

b. Attorney’s fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

**COUNT III**
**UNLAWFUL GARNISHMENT REGARDING THE FOURTH GARNISHMENT**

53. Plaintiff incorporates Paragraphs 1 through 48.

54. Regarding the fourth garnishment, Defendants threatened garnishment of Plaintiff's bank account when such action was unlawful, in violation of 15 U.S.C. §1692e(4).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a. Damages;

b. Attorney’s fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

**COUNT IV**
**HARASSMENT OR ABUSE REGARDING THE THIRD GARNISHMENT**

55. Plaintiff incorporates Paragraphs 1 through 48.

56. Regarding the third garnishment, by serving a writ of garnishment on Plaintiff's bank then failing to provide Plaintiff with a statutorily required notice of his right to contest the writ of garnishment, Defendants engaged in conduct the natural consequence of which is to harass, oppress or abuse in violation of 15 U.S.C. §1692d.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a. Damages;

b. Attorney’s fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

**COUNT V**
**HARASSMENT OR ABUSE REGARDING THE FOURTH GARNISHMENT**

57. Plaintiff incorporates Paragraphs 1 through 48.

58. Regarding the fourth garnishment, by serving a writ of garnishment on Plaintiff's employer then failing to provide Plaintiff with a statutorily required notice of his right to contest the writ of garnishment, Defendants engaged in conduct the natural consequence of which is to harass, oppress or abuse in violation of 15 U.S.C. §1692d.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a. Damages;

b. Attorney’s fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

**COUNT VI**

**HARASSMENT OR ABUSE REGARDING THE SECOND, THIRD AND FOURTH GARNISHMENT**

59. Plaintiff incorporates Paragraphs 1 through 48.

60. Regarding the second, third, and fourth garnishment, by obtaining those garnishments based upon a judgment obtained when Dodge was not registered as a debt collector rendering its transfer of ownership of the alleged debt void as a criminal act, Defendants engaged in conduct the natural consequence of which is to harass, oppress or abuse in violation of 15 U.S.C. §1692d.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

**COUNT VII**
**FALSE, DECEPTIVE, OR MISLEADING REPRESENTATION REGARDING THE VALIDITY OF THE ALLEGED JUDGMENT**

61. Plaintiff incorporates Paragraphs 1 through 48.

62. Defendants represented to Plaintiff and to the state court that the judgment Dodge allegedly owns is valid when Defendants knew Dodge obtained the alleged judgment when Dodge was not registered as a debt collector rendering its transfer of ownership of the alleged debt void as a criminal act in violation of 15 U.S.C. §1692e,

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
Email: don@donyarbrough.com

By: s/ Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658